IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXACT SCIENCES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 23-1319 (MN) |
| v. | ) **CONSOLIDATED** |
| | ) |
| GENEOSCOPY, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Exact Sciences Corporation ("Exact Sciences"), by and through undersigned counsel, respectfully moves for an Order permitting them to file certain papers supporting their Motion for a Preliminary Injunction under seal. Pursuant to the motion and consistent with ECF guidelines and D.I. 56, the parties shall provide any proposed redactions no later than July 23, 2024, and shall make the required showing of confidentiality as set forth in *In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). Counsel for Exact Sciences met and conferred with counsel for Defendant and understand that Defendant does not oppose this motion. The grounds for this motion are as follows:

1. This action arises, in part, out of Defendant Geneoscopy, Inc.'s ("Defendant") (1) making, using, selling, or offering for sale in the United States, or importing into the United States, the (a) ColoSense™ at-home colorectal cancer screening test including kits and devices ("the Accused Product"), or (b) any related colorectal cancer or pre-cancer detection product not more than colorably different from the Accused Product ("Like Products") whose manufacture, use, importation, offer for sale, or sale would infringe any claim of U.S. Patent No. 11,634,781 ("the '781 Patent") and U.S. Patent No. 11,970,746 ("the '746 Patent"); and (2) promoting, advertising, marketing, selling, servicing, distributing, or supplying the above Accused Product or

any Like Products so as to induce or contribute to others' infringement of any claim of the '781 and '746 Patents.

2. Certain papers filed in support of Exact Sciences' Motion for a Preliminary Injunction, including its Opening Brief in Support of its Motion for a Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65(a) and 35 U.S.C. § 283, Declaration of Peter Wood, Declaration of Anup Malani, Ph.D., Declaration of Bruce K. Patterson, M.D., and Declaration of David A. Johnson, M.D., include non-public information regarding investments, expenditures, technical details, and development of assays that practice the '781 and '746 Patents. This information includes details related to confidential commercialization strategies and pricing negotiations with third-party payors with whom Exact Sciences has entered into confidential agreements; analysis of competitors' business operations; non-public documents related to the operation of Exact Sciences' assays; and technical analysis of competitor assays. Exact Sciences uses this information to direct commercial decisions and determine business strategies.

3. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); see also Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial

information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.*, 638 F.3d at 222.

4. Permitting Exact Sciences to file these papers in support of their Motion for a Preliminary Injunction under seal will preserve the status quo with respect to Exact Sciences' confidential and sensitive technical, financial and business information. The interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of the technical and economic plans of Exact Sciences' operations.

5. Consistent with *In re Avandia*, 924 F.3d at 671, a party may overcome presumption of public access by showing, with specificity, a clearly defined and serious injury that would result from disclosure of information kept confidential by the party. Exact Sciences requests a period of seven days for the parties to confer and provide proposed redactions along with support for those redactions for the Court's consideration.

WHEREFORE, Exact Sciences respectfully requests that the Court issue an Order in the form attached hereto permitting Exact Sciences to file their Motion for a Preliminary Injunction under seal and providing the parties with seven days to submit proposed redactions and support sufficient to overcome the presumption of access in *In re Avandia*.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | */s/ Derek J. Fahnestock* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| Kevin P.B. Johnson | Derek J. Fahnestock (#4705) |
| Andrew J. Bramhall | 1201 North Market Street |
| Derek West | P.O. Box 1347 |
| QUINN EMANUEL URQUHART | Wilmington, DE  19899 |
|   &amp; SULLIVAN, LLP | (302) 658-9200 |
| 555 Twin Dolphin Drive, 5th Floor | jblumenfeld@morrisnichols.com |
| Redwood Shores, CA  94065 | began@morrisnichols.com |
| (650) 801-5000 | dfahnestock@morrisnichols.com |
| | |
| Sandra Haberny, Ph.D. | *Attorneys for Plaintiff Exact Sciences Corporation* |
| QUINN EMANUEL URQUHART | |
|   &amp; SULLIVAN, LLP | |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA  90017 | |
| (213) 443-3000 | |

Brian P. Biddinger
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Jihong Lou
Melvin Kenney, III
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8000

Trevor J. Quist
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT  84121
(801) 515-7300

July 16, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXACT SCIENCES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 23-1319 (MN) |
| v. | ) **CONSOLIDATED** |
| | ) |
| GENEOSCOPY, INC., | ) |
| | ) |
| Defendant. | ) |

# [PROPOSED] ORDER

This ___ day of _____ 2024, the Court having reviewed Plaintiff Exact Sciences' Motion to Seal their Motion for a Preliminary Injunction against Defendant Geneoscopy, Inc., and the Court having determined good cause exists for the requested sealing, now therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Seal is GRANTED, and the following may be filed under seal:

- Plaintiff's Opening Brief in Support of its Motion for a Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65(a) and 35 U.S.C. § 283

- Declaration of Peter Wood

- Declaration of Anup Malani, Ph.D.

- Declaration of Bruce K. Patterson, M.D.

- Declaration of David A. Johnson, M.D.

No later than July 23, 2024, any party seeking to maintain any part of these documents under seal must file a renewed motion making the required showing of confidentiality as set forth in *In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019). This may be achieved by demonstrating that disclosure of the material will work a clearly defined, serious injury to the party seeking to keep documents under seal. A party must be able

2

to articulate the compelling, countervailing interests to be protected; broad allegations of harm, bereft of specific examples or articulated reasons, will be insufficient to permit documents to remain confidential. Failure to do so will result in the Court unsealing the above materials.

 

_____
The Honorable Maryellen Noreika
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 16, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick, Esquire<br>Andrew C. Mayo, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Donald R. Ware, Esquire<br>Sarah S. Burg, Esquire<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

/s/ *Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)