IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXACT SCIENCES CORPORATION, | |
| *Plaintiff-Counterclaim Defendant*, | C.A. No. 23-1319 (MN) |
| v. | **CONSOLIDATED** |
| GENEOSCOPY, INC., | |
| *Defendant-Counterclaim Plaintiff*. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## I.   PURPOSES AND LIMITATIONS

Plaintiff and Counterclaim Defendant Exact Sciences Corporation ("Exact Sciences"), and Defendant and Counterclaim Plaintiff Geneoscopy, Inc. ("Geneoscopy") (collectively, "the Parties") assert that they may possess confidential information related to the subject matter of this Litigation, as well as information that constitutes "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").   The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation.   In addition, the Parties contemplate that Non-Parties may produce confidential information.   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or material that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 16.3, below, that this Order does not entitle them to file confidential information on the docket under seal in any manner other than that mandated by the Local Rules and CM/ECF Procedures.

## II.   DEFINITIONS

2.1.    *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or material under this Order.

2.2.    *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information or material that (i) a Designating Party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to, its business, which information or material is not generally or publicly known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business,

financial, sensitive or private information or material; or (ii) is subject to confidentiality obligations owed to a third party.

2.3.　　*Designating Party*:　The term "Designating Party" shall mean a Party or Non-Party that designates information or material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION."

2.4.　　*Discovery Material*: The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentation by Parties or counsel to or in court, designations, and portions thereof.

2.5.　　*House Representative*: The term "House Representative" shall mean the employee(s) of a Party to this Litigation, who is authorized to receive Protected Material under this order.

2.6.　　*Litigation*: The term "Litigation" shall mean the above-captioned cases, Nos. 23-cv-1319(MN) and 24-cv-0584(MN), in the United States District Court for the District of Delaware, including any appeals therefrom.

2.7.　　*Non-Party:* The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.8.　　*Outside Attorneys' Eyes Only Information*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" shall mean "confidential information" (i) of a commercially sensitive nature such as a trade secret or other highly sensitive information that a Designating Party determines, in good faith, is likely to cause material competitive harm if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public contracts, licenses, financial,

marketing, strategic, organizational, operational, commercial, clinical, or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products, or (ii) that a Designating Party believes, in good faith, embodies, contains, or reflects "protected health information" under HIPAA; for purposes of this Order, "protected health information" comprises the identifiers set forth in 45 C.F.R. § 164.514(b)(2)(i).

2.9.     *Outside Counsel of Record*: The term "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.  The term "Outside Counsel of Record" shall not include in-house attorneys or other legal personnel employed by a Party.

2.10.     *Party*: The term "Party" shall mean any party to this Litigation, including all of its officers, directors, employees, and consultants.

2.11.     *Producing Party*: The term "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

2.12.     *Professional Vendors*: The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, preparing graphics or visual aids or demonstrative exhibits, and organizing, storing, or retrieving data in any form or medium, processing data, database services and other electronic discovery services) and their employees and subcontractors.

2.13.     *Protected Material*: The term "Protected Material" shall mean "CONFIDENTIAL INFORMATION" and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as those terms are defined above. The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," but also any information copied

therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.14.     *Receiving Party*: The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

## III.    SCOPE

The protections conferred by this Order cover Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure not subject to an obligation of confidentiality to the Designating Party or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## IV.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.    DESIGNATING PROTECTED MATERIAL

5.1.     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.1(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  To the extent any Discovery Material has been

disclosed or produced in the Litigation prior to entry of this Order and was designated "Highly Confidential," "Highly Confidential – Outside Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" pursuant to Local Rule 26.2, such Discovery Material shall be treated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" pursuant to this Order.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" to each page that contains Protected Material or, where designating pages is impossible or impractical (*e.g.* in the case of natively produced documents or spreadsheets) provide the "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" designations in the file name of the produced document, or in an accompanying file, such as a load or metadata file, for the produced document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) for testimony given in a deposition, a Designating Party may unilaterally designate a deposition transcript as Protected Material provided such designation is either (a) made on the record during the deposition or (b) made by written notice to all Outside Counsel of Record within thirty (30) days after a copy of the official deposition transcript is received by the deponent or counsel for the deponent, in which case all counsel receiving the transcript shall be responsible

for marking the copies as directed by the Designating Party.   Unless otherwise agreed to in writing by the Parties or ordered by the Court, all depositions shall be treated as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" until thirty (30) calendar days after a copy of the official deposition transcript is received by the deponent or counsel for the deponent.

Transcripts containing Protected Material shall affix the legend "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" on the title page.   The Designating Party shall inform the court reporter of this requirement.

(c) for information produced in some form other than the forms described above and for any other tangible materials, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

5.2.    Additional Categories. The Parties may agree to add additional categories of Protected Material (in addition to "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION") from time to time as may be necessary or appropriate. If the Parties cannot resolve the issue of whether this order should be amended, the Parties may utilize the Court's dispute resolution procedures to resolve the matter. Disclosure of the Protected Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by Parties or the Court, as the case may be.

5.3.    Inadvertent Failures to Designate. If timely corrected following the discovery of an inadvertent failure to designate qualified information or materials, such an inadvertent failure to designate qualified information or items, or an inadvertent failure to designate materials correctly does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order. An inadvertent failure to designate qualified information or material is subject to the further provisions in Section 14 below.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the designation is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in the manner required by D. Del. L.R. 7.1.1 within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has met the requirements of D. Del. L.R. 7.1.1.

6.3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a designation challenge without court intervention, the Party seeking judicial intervention shall utilize the Court's dispute resolution procedures. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VII.        ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>. The Receiving Party must not disclose Protected Material to anyone other than those persons designated within this Order.   Protected Material must be handled in the manner set forth below and, in any event, must not be used for any purpose other than to assist in the preparation and trial, or the mediation or settlement, of this Litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 17 below.

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."</u> Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed only to:

1.    the Receiving Party's Outside Counsel of Record, their staff, and their Professional Vendors;

2.    any person who (i) appears on the face of the Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as an author, addressee, or recipient thereof, or (ii) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored, received, or otherwise possessed the Protected Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" prior to its production or disclosure in this Litigation;

3.    any current employee of the Designating Party who was involved with the matters to which the "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" relates or refers;

4.    the Court, its technical advisor, its personnel, and the jury in this Litigation;

5.    court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

6.      subject to Section 8, approved persons or entities engaged by a Party or counsel as testifying experts, non-testifying consultants, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a Party or of any parent, subsidiary, or affiliate of any Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

7.      persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order;

8.      mock jurors or focus group members, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order;

9.      persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order; and

10.     contract attorneys and other document review professionals engaged by a Party provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.

7.3.    <u>Disclosure of "CONFIDENTIAL INFORMATION."</u> Protected Material marked "CONFIDENTIAL INFORMATION" may be disclosed only to:

1.      Any person or entity authorized to receive "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" subject to Section 8 and in a manner specified in Section 7.2;

2.      no more than five (5) House Representatives of the Receiving Party solely as necessary to assist Outside Counsel of Record in conducting this Litigation and/or preparation

for testimony at deposition in this Litigation, and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Order;

        3.     any current employee of the Designating Party; and

        4.     any former employee of the Designating Party who was involved with the matters to which the "CONFIDENTIAL INFORMATION" relates or refers.

## VIII.     CONDITIONS ON ACCESS TO PROTECTED MATERIAL

8.1.    <u>Consultants and Experts.</u> Prior to a Receiving Party giving, showing, disclosing, making available or communicating Protected Material to any expert or consultant under Section 7.2.6, the Receiving Party shall serve a written notice on the Producing Party that includes: (i) the person's name and business address; (ii) the person's present employer and title (along with a job description); (iii) the person's up-to-date curriculum vitae or resume; (iv) a list of the cases in which the person has testified at deposition or trial for the past four years; (v) a list of all companies with which the person has consulted or worked or by which the person has otherwise been employed for the past five years concerning methods of screening for or diagnosing colorectal cancer; and (vi) any previous or current relationship (personal or professional) with any of the Parties. If the up-to-date curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order. Disclosure to the expert or consultant so identified shall not be made until at least five (5) business days after service of such written notice and signed copy of the Acknowledgment of Protective Order.

8.2.    <u>House Representatives.</u> Prior to a Receiving Party giving, showing, disclosing, making available or communicating Protected Material to any designated House Representative under Section 7, the Receiving Party shall serve a written notice on the Producing Party that includes the person's name and title. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the

proposed House Representative agreeing to be bound by the terms of this Order. For good cause a Party may substitute a new House Representative for a former House Representative (e.g. the prior House Representative departed the company or took on a new position) provided that it provides notice pursuant to this paragraph and also discloses its basis for making a substitution. Disclosure to the House Representative so identified shall not be made until at least three (3) business days after service of such written notice and signed copy of the Acknowledgement of Protective Order.

8.3.    <u>Objections to Proposed Consultants, Experts, and House Representatives</u>.   If the Producing Party believes, in good faith, that a potential conflict of interest exists with respect to an expert, consultant, or House Representative, the Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order executed by such expert or consultant, or, with respect to the House Representative, within three (3) business days after receipt of the Acknowledgement of Protective Order by the House Representative, by stating specifically in writing the reasons why such expert, consultant, or House Representative should not receive Protected Material. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer within three (3) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection. If the objection is not resolved by the Parties, the Producing Party must initiate the dispute resolution procedures set forth by the Court within seven (7) business days after such meet and confer. Otherwise, the Producing Party shall be deemed to have withdrawn its objection. In any such request before the Court, the Producing Party shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Protected Material shall be made to the proposed expert, consultant, or House Representative until the Parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

## IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

If it becomes necessary for a Receiving Party's Outside Counsel of Record to seek the assistance of any person, other than those persons referred to in Section 7, and to disclose Protected Material to such person to properly prepare this Litigation for trial, the following procedures shall be employed:

(a)    Outside Counsel of Record for the Receiving Party shall notify, in writing, Outside Counsel of Record for the Producing Party, identifying therein the specific Protected Material to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

(b)    If no objection to such disclosure is made by Outside Counsel of Record for the Producing Party within five (5) business days of such notification, Outside Counsel of Record for the Receiving Party shall be free to make such disclosure to the designated person(s) consistent with this Order; provided, however, that Outside Counsel of Record for the Receiving Party shall serve upon Outside Counsel of Record for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Order. A copy of the completed Acknowledgment of Protective Order shall be retained by Outside Counsel of Record for the Receiving Party, until final disposition of this Litigation;

(c)    If, within five (5) business days, the Outside Counsel of Record for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon request by the Receiving Party. Before filing such a motion, Outside Counsel for the Receiving Party shall meet and confer with Outside Counsel of Record for the Producing Party in a good faith effort to resolve their differences; and

(d) Any Party seeking an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

## X.    PROSECUTION BAR

10.1.    <u>Application of Prosecution Bar</u>. Absent written consent from the Producing Party, any attorney, paralegal, or patent agent representing the Receiving Party who gains access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" through this litigation shall not prosecute (as defined below) any patents or patent applications relating to (a) colorectal cancer screening, detection, or diagnosis, and/or (b) methods of collecting, preserving, processing, or analyzing fecal samples for screening, detection, or diagnosis (collectively, "Covered Patents"), including without limitation, the patents asserted in the Litigation, and any patent or application claiming priority to or otherwise in the same chain of priority as the patents asserted in the Litigation, before the United States Patent and Trademark Office ("the USPTO") or any foreign patent office or agency responsible for the issuance of foreign patent rights ("Foreign Patent Office"). For purposes of this Order, "prosecute," "prosecuting," or "prosecution" means the drafting, editing, approving, or amending of a patent application or patent claims, advising on the drafting or amendment of a patent application or patent claims, prosecuting a patent application before the USPTO or any Foreign Patent Office (for example, original prosecution, reissue and reexamination proceedings), or otherwise appearing in a proceeding before the USPTO or any Foreign Patent Office and prosecuting new or amended patent claims in those proceedings.

10.2.    This prosecution bar is personal and shall apply on an individual basis only to the person who has accessed or otherwise gained knowledge of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and shall not be imputed to any other person or entity (including supervisors of such an attorney or patent agent). For the avoidance of doubt, this prosecution bar shall not be imputed to other individuals of a law firm or practice or to any person who did not actually access or otherwise gain knowledge of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."

10.3.    <u>Permitted Activities</u>. The term "prosecution" as used in this Order does not encompass the following activities:

        1.    Preparing a petitioner's declarants for depositions in any proceeding where

the petitioner is challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

2.    Preparing a patent owner's declarants—including the inventors—for depositions in any proceeding challenging the validity of the patent owner's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

3.    Taking depositions of a patent owner's declarants in any proceeding challenging the validity of the patent owner's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

4.    Taking depositions of a petitioner's declarants in any proceeding where the petitioner is challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

5.    Discussing, with employees of a petitioner, discovery in, and the status of, any proceedings where the petitioner is challenging the validity of any of the Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

6.    Discussing, with employees of a patent holder and inventors, discovery in, and the status of, any proceedings challenging the validity of any of that patent holder's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

7.    Discussing discovery in, and the status of, proceedings challenging the validity of Covered Patents with the petitioner's post-grant counsel;

8.    Discussing discovery in, and the status of, proceedings challenging the validity of Covered Patents with the patent holder's post-grant counsel;

9.    Discussing responses to the arguments advanced by the patent holder supporting the validity of its Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

14

10. Discussing responses to the arguments advanced by the petitioner attacking the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

11. Drafting any petition or related submission for a petitioner challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

12. Drafting patent owner's response and patent owner's preliminary response to any petition challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

13. Drafting declarations in support of any petition or related submission by a petitioner challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates;

14. Drafting declarations in support of patent owner's response to any petition challenging the validity of Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates; or

15. Reviewing the inventors' documents relating to conception and reduction to practice of their invention.

10.4.    To avoid any doubt, "prosecution" as used in this Order does not include representing a party challenging or defending a patent before the USPTO or any Foreign Patent Office (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or post-grant review), to the extent the counsel's activities do not include the drafting, revising, modifying or amending of patent claims.

10.5.    Prohibited Activities. On the other hand, the term "prosecution" as used in this paragraph does encompass the following activities:

1. Drafting any claim amendments to be proposed in any proceeding challenging the validity of any Covered Patent asserted in U.S. litigations between any of the same parties or their affiliates;

2.    Providing advice to the Receiving Party related to any amendments of that Receiving Party's patent claims in any proceeding challenging the validity of that Receiving Party's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates; and

3.    Discussing potential claim amendments with counsel of the Receiving Party in connection with any proceeding challenging the validity of that Receiving Party's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates.

4.    Participating in amending or adding claims on behalf of a Receiving Party during any proceeding challenging the validity of that Receiving Party's Covered Patents asserted in U.S. litigations between any of the same parties or their affiliates, including, but not limited to, the following activities:

a.    Participating in permitted activities 1-15 on behalf of a Receiving Party (in Paragraph 10.3 above) to the extent they relate to added or amended claims of that Receiving Party;

b.    Drafting or preparing expert declarations on behalf of a Receiving Party relating to an amended or added claim of that Receiving Party;

c.    Defending or taking any portion of a deposition on behalf of a Receiving Party relating to an amended or added claim of that Receiving Party;

d.    Drafting or preparing any portion of any response by a Receiving Party to any validity challenge to any Cover Patents asserted in U.S. litigations between any of the same parties or their affiliates that affects any amended or added claim of that Receiving Party.

10.6.    <u>Duration</u>. This Prosecution Bar shall begin when, following entry of this Order,

the affected individual has accessed or otherwise gained knowledge of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" and it shall last until the earlier of (i) one year after final judgment or dismissal in this action, including any and all appeals or (ii) one year after the affected individual withdraws from representing any and all parties in this litigation.

## XI.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or material designated in this action as "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," that Party shall:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve or confirm the destruction of all unauthorized copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the Acknowledgment of Protective Order, in the form attached as EXHIBIT A.

## XIII.    INADVERTENT PRODUCTION OF PROTECTED MATERIAL

Inadvertent disclosures by the Producing Party of Protected Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the Producing Party shall promptly upon discovery of the inadvertent disclosure notify the Receiving Party in writing that the information is Protected Material and was inadvertently disclosed. Such notification shall constitute a designation of the information as Protected Material. Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of the Protected Material to the extent possible.

No Party shall be responsible to another Party for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

## XIV.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected privileged or otherwise immune from discovery, the Producing Party shall, within seven (7) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the information be returned, and thereafter reasonably promptly provide a privilege log that satisfies the requirements of Federal Rule of Civil Procedure 26(b)(5) for the unintentionally or inadvertently produced information. If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (i) shall not use, and shall immediately cease any prior use of, such information; (ii) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (iii) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (iv) shall confirm to the Producing Party the destruction under (iii) above of all copies of the information not returned to the Producing Party.  No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery backup system.

The Receiving Party may seek to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (i) the information was never privileged or protected from disclosure; or (ii) any applicable privilege or immunity has been waived by some act other than the inadvertent or unintentional production of the information in this Litigation. Any such request shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any

way. The Parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel.

Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

## XV.    PROCEDURE REGARDING HIPAA-PROTECTED INFORMATION

This Order is intended to comply with the HIPAA requirements of 45 CFR § 164.512(e)(1)(v). A Producing Party is entitled to redact information that constitutes, embodies, or reflects "protected health information" under HIPAA from documents and material produced in this Litigation. Alternatively, a Producing Party may produce such documents or material in unredacted form by designating the document or material as "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" in accordance with the provisions of this Order, and the Receiving Party shall treat all such "protected health information" accordingly. If a Party uses Protected Material containing "protected health information" in an expert report or at deposition, trial, or any motion or other presentation in or to the Court, the Party using such Protected Material shall redact the "protected health information" from such Protected Material.

## XVI.    MISCELLANEOUS

16.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

16.2.    <u>Rights to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.3.    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with D. Del. L.R. 5.1.3.

## XVII.  FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party, or to its representative Outside Counsel of Record, or certify that it has destroyed such material, except that no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that affirms that all Protected Materials were returned or destroyed, except as otherwise authorized by this Order. Outside Counsel of Record are entitled to retain all pleadings, motion papers, trial, deposition, hearing transcripts, correspondence, written discovery requests and responses (and exhibits thereto), deposition and trial exhibits, expert reports, legal memoranda and other attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Such documents that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## XVIII.    OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's Protected Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed, as noted above in Section 11.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

ASHBY & GEDDES

*/s/ Derek J. Fahnestock*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE    19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiff*

OF COUNSEL:

Kevin P.B. Johnson
Andrew J. Bramhall
Derek West
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Sandra L. Haberny, Ph.D.
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th
Floor Los Angeles, CA 90017
(213) 443-3000

Brian P. Biddinger
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*/s/ Andrew C. Mayo*
_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*

OF COUNSEL:

Donald R. Ware
Sarah S. Burg
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7000
dware@foleyhoag.com
sburg@foleyhoag.com

Jihong Lou
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC 20005
(202) 538-8000

Trevor J. Quist
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT 84121
(801) 515-7300

Gavin Frisch
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100

SO ORDERED this ____ day of January, 2025

_____
Hon.

**EXHIBIT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXACT SCIENCES CORPORATION, | |
| Plaintiff, | C.A. No. 23-1319 (MN) |
| v. | **CONSOLIDATED** |
| GENEOSCOPY, INC., | |
| Defendant. | |

I, _____, state that:

 I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

 I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

 I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

 DATED this _____ day of _____, 20\_\_\_\_.


Signature:       _____


Typed/Printed Name: _____

**EXHIBIT B**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EXACT SCIENCES CORPORATION,

                Plaintiff,

     v.

GENEOSCOPY, INC.,

                Defendant.

C.A. No. 23-1319 (MN)
**CONSOLIDATED**

1.      This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT]

and _____ [NAME OF PARTICIPANT], residing at

_____

[ADDRESS OF PARTICIPANT].

2.      I understand that, in connection with the project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this group.

3.      I agree not to disclose any information I learn here today to anyone outside of this group, or to not use such information in any way outside of my participation in this project today.

4.      I agree that, at the end of the project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

1

Signed:        _____

Name:          _____

Date:          _____